**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:**<br>Prime Therapy Holdings, Inc.,<br>**Debtor,**<br><br>**Federal EIN:** [83-3383911] | **Bankruptcy Case No.** 26-22713<br><br>**Chapter** 11 (Subchapter V) |
| **IN RE:**<br>Rocky Mountain Physical Therapy, Inc.,<br>**Debtor,**<br><br>**Federal EIN:** [36-4663143] | **Bankruptcy Case No.** 26-22714<br><br>**Chapter** 11 (Subchapter V) |
| **IN RE:**<br>Baylife PT and Rehabilitation, Inc.,<br>**Debtor,**<br><br>**Federal EIN:** [59-3449934] | **Bankruptcy Case No.** 26-22717<br><br>**Chapter** 11 (Subchapter V) |
| **IN RE:**<br>Baylife Physical Therapy &<br>Rehabilitation QPR, LLC,<br>**Debtor,**<br><br>**Federal EIN:** [84-1905805] | **Bankruptcy Case No.** 26-22718<br><br>**Chapter** 11 (Subchapter V) |
| **IN RE:**<br>Baylife Physical Therapy &<br>Rehabilitation BIA, LLC,<br>**Debtor,**<br><br>**Federal EIN:** [84-3010142] | **Bankruptcy Case No.** 26-22719<br><br>**Chapter** 11 (Subchapter V) |
| Prime Therapy Holdings, Inc., *et al.*,<br>**Movants,**<br>**vs.**<br>No Respondents. | **Document No.** |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

**AND NOW** come the above-captioned debtors and debtors-in-possession, Prime Therapy Holdings, Inc. ("Prime"), Rocky Mountain Physical Therapy, Inc., Baylife PT and

Rehabilitation, Inc. ("Baylife"), Baylife Physical Therapy & Rehabilitation QPR, LLC, and Baylife Physical Therapy & Rehabilitation BIA, LLC (collectively, the "Debtors"), by and through their proposed counsel, and respectfully move as follows:

## RELIEF REQUESTED

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto, directing the joint administration of these cases for procedural purposes only.

2. The Debtors further request that (a) the Court maintain one file and one docket for the jointly-administered Chapter 11 Cases under the case number assigned to Prime Therapy Holdings, Inc., and (b) these Chapter 11 Cases be administered under a consolidated caption, substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 26-22713 |
| | ) |
| Prime Therapy Holdings, Inc., *et al.*,[1] | ) **Chapter** 11 (Subchapter V) |
| | ) ***Joint Administration*** |
| **Debtors.** | ) |
| ______________________________ | ) |
| | ) |
| **[Movant(s)],** | ) **Hearing Date:** |
| | ) |
| **Movant,** | ) **Responses Due:** |
| | ) |
| **vs.** | ) |
| | ) |
| **[Respondent(s)],** | ) |
| | ) |
| **Respondent(s).** | ) |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number are: Prime Therapy Holdings, Inc. (3911); Rocky Mountain Physical Therapy, Inc. (3143); Baylife PT and Rehabilitation, Inc. (9934); Baylife Physical Therapy & Rehabilitation QPR, LLC (5805); and Baylife Physical Therapy & Rehabilitation BIA, LLC (0142). The lead Debtor's corporate address is 470 Johnson Road, Washington, PA 15301-8944.

3. The Debtors request that the Court find that the proposed caption satisfies the requirements of section 342(c) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (as amended).

4. The Debtors also request that an entry be made on the docket of each of the Debtors' cases, other than Prime Therapy Holdings, Inc., to reflect the joint administration of these cases, substantially similar to the following:

> An Order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1002-6 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of Pennsylvania directing the joint administration of the Chapter 11 Cases of the following entities: Prime Therapy Holdings, Inc.; Rocky Mountain Physical Therapy, Inc.; Baylife PT and Rehabilitation, Inc.; Baylife Physical Therapy & Rehabilitation QPR, LLC; and Baylife Physical Therapy & Rehabilitation BIA, LLC. The docket in the chapter 11 case of Prime Therapy Holdings, Inc., Case No. 26-22713, should be consulted for all matters affecting the Chapter 11 Cases of any foregoing entities.

5. Furthermore, the Debtors request that the Court authorize them to utilize a combined service list for the jointly-administered Chapter 11 Cases and that combined notices may be sent to the Debtors' creditors where appropriate.

6. The Debtors are requesting emergency consideration of this request for joint administration. The request is being made contemporaneously with the filing of the Chapter 11 Cases. There is no delay in this request caused by the Debtors or their proposed counsel. Emergency relief is appropriate to provide for an efficient administration of these cases.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

8. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

9. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Venue is proper as to Prime Therapy Holdings, Inc. because its principal place of business is located within this District. Venue is proper as to the remaining Debtors under 28 U.S.C. § 1408(2) because each is an affiliate of Prime Therapy Holdings, Inc. with a case concerning such affiliate pending in this District.

10. The statutory predicate for relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, as supplemented by rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and W.PA.LBR 1002-6(e)(3).

## FACTUAL BACKGROUND

11. On September 25, 2026 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania.

12. The Debtors each elected to proceed under Subchapter V of chapter 11.

13. The Debtors are operating their businesses as debtors in possession pursuant to section 1184 of the Bankruptcy Code.

14. Each case is pending the appointment of a Subchapter V Trustee in accordance with the requirements of Subchapter V. Notwithstanding such appointment, no other trustee, examiner, or official committee has been appointed in these cases.

15. The Debtors are affiliated entities that provide physical therapy and rehabilitation services, as set forth below:

| **Debtor** | **Principal Place of Business** | **Ownership** |
|---|---|---|
| Prime Therapy Holdings, Inc. | Pittsburgh, Pennsylvania (Delaware corporation) | Parent holding company |
| Rocky Mountain Physical Therapy, Inc. | Colorado | 100% owned by Prime Therapy Holdings, Inc. |

| | | |
|---|---|---|
| Baylife PT and Rehabilitation, Inc. | Florida | Managed and operated by Prime Therapy Holdings, Inc. as sole and exclusive manager under an Administrative Services Agreement |
| Baylife Physical Therapy & Rehabilitation QPR, LLC | Florida | 80% owned by Baylife PT and Rehabilitation, Inc. |
| Baylife Physical Therapy & Rehabilitation BIA, LLC | Florida | 90% owned by Baylife PT and Rehabilitation, Inc. |

16. The Debtors are affiliated entities related through direct and indirect equity ownership and common control. Prime Therapy Holdings, Inc. is the parent holding company and directly owns 100% of the equity of Rocky Mountain Physical Therapy, Inc. Baylife PT and Rehabilitation, Inc. owns 80% of the equity of Baylife Physical Therapy & Rehabilitation QPR, LLC and 90% of the equity of Baylife Physical Therapy & Rehabilitation BIA, LLC. Prime and Baylife are parties to an Amended and Restated Administrative Services Agreement (the "ASA"), under which Prime serves as the sole and exclusive manager of Baylife and conducts the day-to-day non-clinical administration, management, and operation of Baylife's business. Because of these affiliate relationships, joint administration of these Chapter 11 Cases is appropriate.

17. Under Bankruptcy Rule 1015(b), if "two or more petitions are pending in the same court by or against…a debtor and an affiliate, the court may order a joint administration of the estates." Fed.R.Bankr.P. 1015(b).

18. The term "affiliate" is defined by the Bankruptcy Code. See 11 U.S.C. § 101(2). An "affiliate" includes an entity that directly or indirectly owns, controls, or holds with power to vote 20 percent or more of the outstanding voting securities of the debtor, and a corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote by the debtor or by an entity that so owns, controls, or holds 20 percent or more of the outstanding voting securities of the debtor. See 11 U.S.C. § 101(2)(A)–(B). The term also includes a person whose

business is operated under a lease or operating agreement by a debtor, and an entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement. See 11 U.S.C. § 101(2)(C)–(D).

19. Each of the Debtors is an affiliate of one or more of the other Debtors. Rocky Mountain Physical Therapy, Inc. is an affiliate of Prime because Prime directly owns 100 percent of its outstanding equity. See 11 U.S.C. § 101(2)(B). Baylife Physical Therapy & Rehabilitation QPR, LLC and Baylife Physical Therapy & Rehabilitation BIA, LLC are affiliates of Baylife because Baylife owns 80 percent and 90 percent, respectively, of their outstanding equity. See 11 U.S.C. § 101(2)(B). Baylife is an affiliate of Prime because Baylife's business is operated by Prime under the ASA. Under the ASA, Prime is Baylife's sole and exclusive manager and provides all services necessary for the day-to-day non-clinical administration, management, and operation of Baylife's business, including control of Baylife's operating and collections accounts. Baylife is therefore a person whose business is operated under an operating agreement by a debtor. See 11 U.S.C. § 101(2)(C). Accordingly, this Court is authorized to grant the relief requested herein under Bankruptcy Rule 1015(b). The Debtors will make the ASA available to the Court and the United States Trustee upon request.

20. In the ordinary course of business, the Debtors engage in ordinary-course intercompany transactions that result in outstanding intercompany balances among the Debtors. Because such balances are debts owed among affiliates, the joint administration requested herein will not alter or impair the separate treatment of any intercompany claim.

21. Joint administration of these Chapter 11 Cases will not prejudice any creditor or party in interest. Although there are outstanding intercompany balances among the Debtors, the Debtors are not aware of any actual conflict of interest among their

respective estates that would render joint administration inappropriate. Joint administration is requested for procedural purposes only; each estate will remain separate and distinct, the Debtors will maintain separate books and records for each estate, and all intercompany claims among the Debtors are preserved. See Fed. R. Bankr. P. 1015(b).

22. The purpose of this joint administration request is to avoid duplicative notices, applications and orders in these Chapter 11 Cases, which will save the Debtors, creditors, and parties in interests time and expense, while easing the administrative burden on the Court and the parties. The joint administration will allow all parties access and review the relevant information concerning the Debtors and their operations in one place and will thereby be better able to keep apprised of the matters before this Court.

23. The Debtors are only requesting an administrative consolidation of the Chapter 11 Cases. Accordingly, the rights of creditors will not be affected by the joint administration of these Chapter 11 Cases.

24. Based on the foregoing, the Debtors aver and submit that the requested relief is necessary and appropriate and in the best interest of their respective estates and creditors.

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form attached hereto, directing the joint administration of these cases, and granting such other relief as is just and appropriate.

[SIGNATURE ON NEXT PAGE]

**Respectfully Submitted,**

**DATED:** September 29, 2026

**CALAIARO VALENCIK**

**BY:** /s/ David Z. Valencik
**David Z. Valencik, Esq.** **PA I.D. No. 308361**
**Andrew K. Pratt, Esq.** **PA I.D. No. 328784**

**555 Grant Street, Suite 300**
**Pittsburgh, PA 15219**
**Phone:** **(412) 232-0930**
**Fax:** **(412) 232-3858**
**Email:** **dvalencik@c-vlaw.com**
**apratt@c-vlaw.com**