**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 26-22713-JCM |
| | ) **Chapter** 11 (Subchapter V) |
| Prime Therapy Holdings, LLC, *et al.*[1] | ) **Joint Administration** |
| | ) **Related to Doc. Nos.** 8, 32 |
| **Debtors,** | ) |

**SUPPLEMENT TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) AUTHORIZING THE DEBTORS TO (I) MAINTAIN THEIR CASH MANAGEMENT SYSTEM AND PAY BANK FEES, (II) WAIVE CERTAIN U.S. TRUSTEE REQUIREMENTS, (III) CONTINUE USING EXISTING CHECKS AND BUSINESS FORMS, (IV) PERFORM INTERCOMPANY TRANSACTIONS, AND (B) GRANTING RELATED RELIEF**

**AND NOW** come the above-captioned debtors and debtors in possession in the above-captioned chapter 11 cases, by and through their proposed counsel of record, and present the following *Supplement* to the Cash Management Motion:

1. The Debtors are a parent holding company and four affiliated companies that operate outpatient physical therapy clinics in Florida and Colorado. Each filed a voluntary petition under Subchapter V of Chapter 11 in the Western District of Pennsylvania on September 29, 2026 (the "Petition Date"). A brief summary chart of the Debtors is as follows:

| Debtor | Case No. | Location | Ownership and relationship |
|---|---|---|---|
| Prime Therapy Holdings, Inc. ("Holdings") | 26-22713 | Washington, PA | Parent holding company, backed by private equity sponsor NaviMed Partners |
| Rocky Mountain Physical Therapy, Inc. ("Rocky Mountain") | 26-22714 | Windsor, CO | Wholly owned by Holdings (stock acquired February 2020) |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number are: Prime Therapy Holdings, Inc. (3911); Rocky Mountain Physical Therapy, Inc. (3143); Baylife PT and Rehabilitation, Inc. (9934); Baylife Physical Therapy & Rehabilitation QPR, LLC (5805); and Baylife Physical Therapy & Rehabilitation BIA, LLC (0142). The lead Debtor's corporate address is 470 Johnson Road, Washington, PA 15301-8944.

| **Debtor** | **Case No.** | **Location** | **Ownership and relationship** |
|---|---|---|---|
| Baylife Physical Therapy and Rehabilitation, Inc. (“Baylife”) | 26-22717 | Saint Petersburg, FL | Owned by two individual shareholders; managed by Holdings under a Management Services Agreement |
| Baylife Physical Therapy & Rehabilitation QPR LLC (“QPR”) | 26-22718 | Port Saint Lucie, FL | 80% owned by Baylife; 20% held by three individual minority members (clinic assets acquired September 2019) |
| Baylife Physical Therapy & Rehabilitation BIA LLC (“Back in Action”) | 26-22719 | Plantation, FL | 90% owned by Baylife; 10% held by two individual minority members (clinic assets acquired November 2019) |

2. Holdings does not own Baylife. Holdings provides management and administrative services to Baylife, QPR and Back in Action (the “Florida Debtors”) under Management Services Agreements and holds an option to acquire 100% of Baylife, which has not been exercised. Baylife retains control over clinical decision-making, and no management fees were paid under the agreements.

3. Although ownership differs, the Debtors operated as a single integrated enterprise under common management and moved funds among themselves in the ordinary course of business to pay operating expenses with shared financing, billing and corporate services.

## A. Billing and Collection

4. Patient services were billed to payors through two Debtors only:

a. Rocky Mountain billed for services provided at the Colorado clinics.

b. Baylife billed for services provided at Baylife, QPR and Back in Action clinics in Florida.

5. As a result, collections for all Florida operations were deposited into Baylife’s operating account, and collections for Colorado operations were deposited into

Rocky Mountain's account. QPR and Back in Action did not bill or collect revenue in their own names, so they relied on transfers from Baylife to pay their operating expenses.

**B. Credit Facilities and Cash Management**

6. The Debtors financed operations through two lines of credit, and Baylife's account served as the enterprise's main operating account:

a. **PNC Bank**. PNC was the Debtors' primary depository bank and provided a line of credit under which all five Debtors were borrowers and guarantors. The line was secured by the assets of all of the Debtors.

b. **Silicon Valley Bank**. SVB provided a separate line of credit with Baylife as borrower.

7. Proceeds of advances under both facilities were deposited into Baylife's operating account.

**C. Intercompany Funding of Operating Expenses**

8. Baylife transferred funds to the other Debtors so each could pay its own operating expenses, such as rent and clinical supplies, that were billed to and paid in that Debtor's name.

9. The Debtors operated at a loss during the period. Collections alone did not cover operating costs, so borrowings under the PNC and SVB facilities also funded operations across the enterprise. Those borrowings were deposited into Baylife and transferred to the other Debtors as needed to meet ordinary operating expenses. Funds also moved between Baylife and Rocky Mountain as the cash needs of each required.

10. These transfers were made in the ordinary course to keep the clinics operating. No intercompany transfer was used to make distributions to equity holders or payments to insiders beyond ordinary compensation.

**D. Allocation of Shared Corporate Costs**

11. Corporate functions that served all of the Debtors are paid centrally, including billing and collections, accounting, the electronic medical records (EMR) system and insurance. These costs are allocated to each Debtor through the intercompany accounts. The allocation basis depended on the nature of the cost, most often the number of clinics or budgeted patient visits. Holdings did not charge management fees under the Management Services Agreements.

**E. Accounting Treatment**

12. Intercompany transfers and cost allocations were recorded as intercompany receivables and payables on each Debtor's books and eliminate on consolidation. Net intercompany balances as of the Petition Date are reflected in each Debtor's Schedules.

**Respectfully submitted,**

**DATE:** October 15, 2026

**CALAIARO VALENCIK**

**BY:** /s/ David Z. Valencik

**David Z. Valencik, Esq.** **PA I.D. No. 308361**
**Andrew K. Pratt, Esq.** **PA I.D. No. 328784**

**555 Grant Street, Suite 300**
**Pittsburgh, PA 15219**
**Phone: (412) 232-0930**
**Fax: (412) 232-3858**
**Email: dvalencik@c-vlaw.com**
**apratt@c-vlaw.com**