**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 26-22713-JCM |
| Prime Therapy Holdings, Inc., *et al.*,[1] | ) |
| **Debtors.** | ) **Chapter** 11 (Subchapter V) |
| | ) **Jointly Administered** |
| Prime Therapy Holdings, Inc., *et al.*, | ) |
| **Movants,** | ) **Hearing Date:** December 2, 2026 @ 1:30 p.m. |
| **vs.** | ) **Responses Due:** November 16, 2026 |
| No Respondent. | ) **Document No.** |

**MOTION TO EMPLOY MERIDIAN MANAGEMENT PARTNERS, LLC AS CONSULTANT TO THE DEBTORS AND DEBTORS-IN-POSSESSION AS OF THE PETITION DATE**

**AND NOW,** come the above captioned Debtors and Debtors-in-Possession, by and through their counsel of record, Calaiaro Valencik, and respectfully requests that this Honorable Court enter an order approving the employment of Meridian Management Partners, LLC, as Consultant for the Debtor-in-Possession under the terms and conditions set forth in this Motion, and presents the following in support:

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein is section 327(a) of the Bankruptcy Code. Such relief is warranted under Federal Rule of Bankruptcy Procedure 2014(a) (the "Bankruptcy Rules").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number are: Prime Therapy Holdings, Inc. (3911); Rocky Mountain Physical Therapy, Inc. (3143); Baylife PT and Rehabilitation, Inc. (9934); Baylife Physical Therapy & Rehabilitation QPR, LLC (5805); and Baylife Physical Therapy & Rehabilitation BIA, LLC (0142). The lead Debtor's corporate address is 470 Johnson Road, Washington, PA 15301-8944.

## FACTUAL BACKGROUND

5. On September 25, 2026 (the "Petition Date"), Prime Therapy Partners, Inc., Rocky Mountain Physical Therapy, Inc., Baylife Physical Therapy and Rehabilitation, Inc., Baylife Physical Therapy and Rehabilitation QPR, LLC, and Baylife Physical Therapy and Rehabilitation BIA, LLC (the "Debtors") each filed their respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Pennsylvania.

6. The Debtors each elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code. See 11 U.S.C. § 1181 *et seq*.

7. The Debtors each continue to manage their business and possess the property of the estate as Debtor-in-Possession pursuant to the Sections 1184 of the Bankruptcy Code. 11 U.S.C. § 1184.

8. The Debtors are currently the debtor-in-possession within the meaning of Section 1184 of the Bankruptcy Code and have authority to bring forth this Motion. 11 U.S.C. § 1184.

9. James S. Fellin has been appointed as the Subchapter V Trustee in each of the Debtors' bankruptcy cases.

10. As of the filing of this Motion, no creditor's committee has been appointed.

11. As of the filing of this Motion, no chapter 11 trustee or examiner has been appointed.

**PROPOSED CONSULTANT**

12. The Debtors have chosen to retain Meridian Management Partners, LLC ("Meridian") to serve as a consultant during the Debtors' chapter 11 case. A true and correct copy of the proposed Engagement Letter between the Debtors and Meridian is attached hereto and marked as **Exhibit A**.

13. Meridian is a well-known consulting firm in Pittsburgh, PA that focuses on management consulting, corporate restructuring, and debt placement. Meridian regularly assists closely held companies and middle-market businesses.

14. The scope of Meridian's engagement is proposed to include:

a. Provide financial oversight and stabilization, which will include but not be limited to:

    a. Assessing and managing cash flow to ensure the Companies can meet immediate financial obligations, including having the authority to approve or reject disbursements.

    b. Developing clear and transparent financial reports for stakeholders, including profit and loss (P&L) statements, balance sheets, and cash flow projections.

b. Oversee sale planning and execution of a comprehensive plan to position the Companies for a sale, merger, or acquisition, as well as manage the sale process through rendering sale services or retaining an investment banker.

c. Serve as the primary liaison for lenders, creditors, and investors to ensure trust and transparency, which will include providing regular updates to its senior-secured lender, Board of Directors and leadership team.

d. Provide crisis management leadership to stabilize the organization and to drive organizational changes necessary to achieve restructuring objectives.

e. Possess the authority to manage and execute (a) leases, contracts, settlements, third-party professionals, sale of the Assets, purchase of property or financing/re-financing of debt, and (b) negotiate with Parties

in Interest, other constituents and interested parties to develop and effectuate the Approved Plan(s), and in executing such Approved Plan(s).

f. Engage attorneys, accountants, appraisers and other consultants and third-party professionals on behalf of the Companies to maximize value of the estate. Meridian acknowledges that all such engagements are subject to approval by the Board of Directors.

g. Cause the Companies to take any other action which the CRO, in good faith, determines to be necessary, prudent, or appropriate under the circumstances and in furtherance of, or as otherwise required in, the Restructuring Proceedings.

The full scope of the project will be further defined as new information becomes available to both Meridian and the Debtors and additional services will be provided to the Debtors on an as needed basis.

15. Pursuant to the proposed Engagement Agreement, Meridian requested and received an initial retainer of $25,000.00 from the Debtors. The retainer would be used to pay outstanding fees and expenses incurred on behalf of the Debtors. Meridian will charge the Debtors on an hourly basis. David Heilman, the assigned representative of Meridian to the Debtors, will bill the Debtors at a rate of $525.00 per hour. Other associates of Meridian will bill the Debtors at rates ranging from $400 to $550 per hour with the rate levels commensurate with their experience. Travel time, if any, will be billed at one-half the normal billable rate.

16. Meridian has been advised that all fees and costs are subject to bankruptcy court approval. According to the terms of the proposed Engagement Agreement, any invoices issued by Meridian will be due upon Court approval.

## BASIS FOR RELIEF

17. The Debtors respectfully request that this Court enter an order, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b), authorizing the Debtors to retain and employ Meridian as its consultant for this chapter 11 case.

18. Section 327(a) of the Bankruptcy Code authorizes the Court to approve the employment of professional persons that do not hold or represent an interest adverse to the estate and that are disinterested persons to assist in performing the duties of the Bankruptcy Code. See 11 U.S.C. § 327(a). A "disinterested person" is one who "does not have an interest materially adverse to the estate or any class of creditors…by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, for any other reason." 11 U.S.C. § 101(14)(C).

19. It is well established in the Third Circuit that an attorney with an actual conflict of interest must be disqualified. On the other hand, the approval of an attorney whose representation creates only a potential conflict of interest is within the Court's discretion. In re Marvel Entm't Group, 140 F.3d 463 (3d Cir. 1998); In re BH & P, Inc., 949 F.2d 1300 (3d Cir. 1991). In instances where the conflict is potential, the Court is afforded considerable discretion in approving or disqualifying the proposed retention of a professional based on upon the particular facts of the case at bar. In re BH & P, 949 F.2d at 1317.

20. Meridian makes the following disclosures regarding contacts and connections to the Debtors, its creditors, and parties-in-interest to the bankruptcy case:

a. Meridian and Calaiaro Valencik have a prior connection with each other. Meridian and Calaiaro Valencik have worked together on

unrelated chapter 11 cases, including one active chapter 11 which is still pending in the United States Bankruptcy Court for the Western District of Pennsylvania, and one concluded chapter 11 (later converted to a chapter 7). In both matters, Meridian was retained as a professional to the respective debtors. Neither of those cases are related to the present chapter 11 cases. is currently working with Calaiaro Valencik in an unrelated chapter 11 case. Additionally, as a matter of full disclosure, Calaiaro Valencik and Meridian also previously discussed possible retention of Meridian in other unrelated bankruptcy case or cases, although no retention has been finalized nor has Meridian been approved.

b. Meridian has previously, and continues to work with, the law firm Tucker Arensberg in unrelated projects, which include, out-of-court consulting, receiverships and chapter 11 bankruptcy cases in which Meridian was retained as a professional.

c. Meridian has previously consulted on an engagement that resulted in the sale of substantially all Meridian's client's assets to Ford Office Technologies. Meridian did not provide services to Ford Office Technologies directly.

21. With the foregoing disclosures made, the Debtors avers that Meridian is a "disinterested person" and does not hold an interest adverse to the estate.

22. A Verified Statement has been executed by Michael Von Lehman on behalf of Meridian attesting to the averments above is attached hereto and marked as **Exhibit B.**

23. It is in the best interest of the Debtors' estate that Meridian be employed as a consultant for the estate.

24. The retention will allow a third-party professional to analyze any potential sale of the Debtors.

25. Accordingly, the Debtors requests that the Court approve the retention of the proposed Consultant.

**WHEREFORE,** the Debtors respectfully requests that this Honorable Court enter an Order authorizing the employment of Meridian Management Partners, LLC, as a Consultant to the Debtors under the terms and conditions set forth in this Motion.

**Respectfully submitted,**

**DATE:** October 29, 2026

**CALAIARO VALENCIK**

**BY:** /s/ David Z. Valencik
**David Z. Valencik, Esq.** **PA I.D. No. 308361**
**Andrew K. Pratt, Esq.** **PA I.D. No. 328784**

**555 Grant Street, Suite 300**
**Pittsburgh, PA 15219**
**Phone:** **(412) 232-0930**
**Fax:** **(412) 232-3858**
**Email:** **dvalencik@c-vlaw.com**
**apratt@c-vlaw.com**