**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>PRIME THERAPY HOLDINGS, INC. *et al.*,[1]<br><br>Debtor. | Case Number: 26-22713 JCM<br><br>Chapter 11 (subchapter V)<br><br>ECF. No.<br>Related to ECF. No. 71 |
| PRIME THERAPY HOLDINGS, INC., *et al.*,<br><br>Movant,<br><br>v.<br><br>NO RESPONDENT. | **Hearing Date & Time:<br>December 2, 2026 at 1:30 p.m.**<br><br>**Response Deadline:<br>November 16, 2026** |

**RESERVATION OF RIGHTS TO DEBTORS' MOTION TO EMPLOY MERIDIAN MANAGEMENT PARTNERS, LLC AS CONSULTANT TO THE DEBTORS AND DEBTORS-IN-POSSESSION AS OF THE PETITION DATE**

Andrew R. Vara, United States Trustee for Regions 3 and 9 (the "United States Trustee"), through his undersigned counsel, files the within Reservation of Rights ("ROR") to Debtors' MOTION TO EMPLOY MERIDIAN MANAGEMENT PARTNERS, LLC ("MERIDIAN") AS CONSULTANT TO THE DEBTORS AND DEBTORS-IN-POSSESSION AS OF THE PETITION DATE (the "Motion") [ECF No. 71] and states as follows:

1. Debtors commenced their respective chapter 11 bankruptcy cases on September 29, 2026. On October 1, 2026, the Court entered an order for joint administration of the cases. ECF No. 27.

[1]The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Prime Therapy Holdings, Inc. (3911); Rocky Mountain Physical Therapy, Inc. (3143); Baylife PT and Rehabilitation, Inc. (9934); Baylife Physical Therapy & Rehabilitation QPR, LLC (5805); and Baylife Physical Therapy & Rehabilitation BIA, LLC (0142). The lead Debtor's corporate address is 470 Johnson Road, Washington, PA 15301-8944.

2. James S. Fellin was appointed as subchapter V trustee on September 30, 2026. ECF No. 16.

3. The 341 meeting of creditors was held on October 30, 2026. ECF No. 74.

4. On October 29, 2026, Debtors filed the Motion. ECF No. 71. Relevant to this ROR, the Motion (ECF No. 71) provides the following:

a. "The scope of Meridian's engagement is proposed to include: a. Provide financial oversight and stabilization, which will include but not be limited to: a. Assessing and managing cash flow to ensure the Companies can meet immediate financial obligations, including having the authority to approve or reject disbursements. b. Developing clear and transparent financial reports for stakeholders, including profit and loss (P&L) statements, balance sheets, and cash flow projections. b. Oversee sale planning and execution of a comprehensive plan to position the Companies for a sale, merger, or acquisition, as well as manage the sale process through rendering sale services or retaining an investment banker. c. Serve as the primary liaison for lenders, creditors, and investors to ensure trust and transparency, which will include providing regular updates to its senior-secured lender, Board of Directors and leadership team. d. Provide crisis management leadership to stabilize the organization and to drive organizational changes necessary to achieve restructuring objectives. e. Possess the authority to manage and execute (a) leases, contracts, settlements, third-party professionals, sale of the Assets, purchase of property or financing/re-financing of debt, and (b) negotiate with Parties in Interest, other constituents and interested parties to develop and effectuate the Approved Plan(s), and in executing such Approved Plan(s). f. Engage attorneys, accountants, appraisers and other consultants and third-party professionals on behalf of the Companies to maximize value of the estate. Meridian acknowledges that all such engagements are subject to approval by the Board of Directors. g. Cause the Companies to take any other action which the CRO, in good faith, determines to be necessary, prudent, or appropriate under the circumstances and in furtherance of, or as otherwise required in, the Restructuring Proceedings." ¶14. *See also* Verification attached as Exhibit "B."

b. The Motion is brought under 11 U.S.C. § 327(a). ¶17.

c. Attached to the Motion is a September 24, 2026 engagement agreement which provides that Debtor is retaining Meridian as consultant *and in addition* David Heilman of Meridian as chief restructuring officer. Exhibit "A." *See also* Verification attached as Exhibit "B, para. 5"

d. The proposed order provides that Meridian is being employed as a consultant. ECF No. 73, Proposed Order.

5. In advance of the response deadline, the United States Trustee communicated concerns to Debtors' Counsel regarding the Motion. These concerns included the dual scope of services of Meridian, the joint retention of Meridian as a consultant under sec. 327 and as a chief restructuring officer, the dual nature of the engagement agreement and lack of adherence to the J. Alix Protocol.[2]

6. It is the understanding of the United States Trustee that the Motion will be withdrawn or amended from its existing form prior to the hearing.

7. Accordingly, the United States Trustee files the instant ROR preserving all arguments for the time of hearing and the right to file an objection in advance of the hearing as to any amendment.

WHEREFORE the United States Trustee files the instant reservation of rights, preserves the right to object to any amendment, and preserves all arguments for the time of hearing.

Respectfully submitted,

Date: November 16, 2026

/s/ William Buchanan
William Buchanan
PA ID No. 202843
U.S. Department of Justice
Office of the United States Trustee
1000 Liberty Avenue, Suite 1316
Pittsburgh, PA 5222
Office: 412-644-4779
Email:William.buchanan@usdoj.gov
*Counsel for U.S. Trustee*

[2] See *In re Safety-Kleen Corp.* and *In re Harnischfeger Industries Inc.*, Case No. 00-2303 (Bankr. D. Del. 2000) and Case No. 99-2171 (Bankr. D. Del. 1999).