**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 26-22713-JCM |
| Prime Therapy Holdings, Inc., *et al.*,[1] | ) |
| **Debtors.** | ) **Chapter** 11 (Subchapter V) |
| | ) **Jointly Administered** |
| Prime Therapy Holdings, Inc., *et al.,* | ) |
| **Movants,** | ) **Hearing Date:** December 17, 2026 at 1:30 p.m. |
| **vs.** | ) **Responses Due:** December 4, 2026 |
| No Respondent. | ) **Document No.** |

**MOTION TO EMPLOY THE BELAY GROUP, AS REGISTERED REPRESENTATIVE OF ITS BROKER DEALER, TCFG WEALTH MANAGEMENT, LLC AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR SALE TRANSACTIONS**

**AND NOW,** come the above captioned Debtors and Debtors-in-Possession, by and through their counsel of record, Calaiaro Valencik, and respectfully requests that this Honorable Court enter an order approving the employment of The Belay Group, as registered representative of its broker dealer, TCFG Wealth Management, LLC, as Financial Advisor for the Debtors-in-Possession under the terms and conditions set forth in this Motion, and presents the following in support:

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number are: Prime Therapy Holdings, Inc. (3911); Rocky Mountain Physical Therapy, Inc. (3143); Baylife PT and Rehabilitation, Inc. (9934); Baylife Physical Therapy & Rehabilitation QPR, LLC (5805); and Baylife Physical Therapy & Rehabilitation BIA, LLC (0142). The lead Debtor's corporate address is 470 Johnson Road, Washington, PA 15301-8944.

4. The statutory predicate for the relief requested herein is sections 327(a) and 328 of the Bankruptcy Code. Such relief is warranted under Federal Rule of Bankruptcy Procedure 2014(a) (the "Bankruptcy Rules").

## FACTUAL BACKGROUND

5. On September 25, 2026 (the "Petition Date"), Prime Therapy Holdings, Inc., Rocky Mountain Physical Therapy, Inc., Baylife Physical Therapy and Rehabilitation, Inc., Baylife Physical Therapy and Rehabilitation QPR, LLC, and Baylife Physical Therapy and Rehabilitation BIA, LLC (the "Debtors") each filed their respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (as amended, the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Pennsylvania.

6. The Debtors each elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code. See 11 U.S.C. § 1181 *et seq*.

7. The Debtors each continue to manage their business and possess the property of the estate as Debtor-in-Possession pursuant to the Sections 1184 of the Bankruptcy Code. 11 U.S.C. § 1184.

8. The Debtors are currently the debtor-in-possession within the meaning of Section 1184 of the Bankruptcy Code and have authority to bring forth this Motion. 11 U.S.C. § 1184.

9. James S. Fellin has been appointed as the Subchapter V Trustee in each of the Debtors' bankruptcy cases.

10. As of the filing of this Motion, no creditor's committee has been appointed.

11. As of the filing of this Motion, no chapter 11 trustee or examiner has been appointed.

## PROPOSED FINANCIAL ADVISOR

12. The Debtors have chosen to retain The Belay Group, LLC ("Belay"), as the registered representative of its broker dealer, TCFG Wealth Management, LLC ("TCFG Wealth"), to serve as a financial advisor for this potential transaction.

13. Belay is an M&A and financial advisory practice focused on lower middle market healthcare services and healthcare information technology companies. Marc Anderson is the Managing Director of Belay and a registered representative of TCFG Wealth. Mr. Anderson will provide advisory services to the Debtors through TCFG Wealth, with administrative support from Belay. TCFG Wealth compensates Mr. Anderson individually under its agreement with him. Subject to Court approval, the Debtors will pay the fees under the Engagement Letter to TCFG Wealth.

14. Belay is a registered representative of, and provides securities-related financial advisory services through, its broker dealer, TCFG Wealth, a broker dealer that is a member of the Financial Industry Regulatory Authority (FINRA), the Municipal Securities Rulemaking Board (MSRB), and the Securities Investor Protection Corporation (SIPC). Belay and TCFG Wealth are referred to herein collectively as "TCFG," consistent with the defined term used in the proposed Engagement Letter. A true and correct copy of the Engagement Letter between the Debtors and TCFG is attached hereto and marked as **Exhibit "A"**.

15. TCFG will act as an exclusive broker and financial advisor to Debtors in connection with this potential transaction regarding the Debtors' businesses with one or more purchasers.

16. The scope of TCFG's engagement is proposed to include:

a. Provide the Debtors with financial and market related advice and assistance as may be appropriate and mutually agreed upon by the Debtors and TCFG with regard to the proposed Transaction (as defined in the Engagement Letter), which may include assisting the Debtor in analyzing, structuring, negotiating, and effecting the proposed transaction.

b. It is anticipated that TCFG's engagement will extend to all of the Debtors and TCFG will assist with the sale of the business or assets of Rocky Mountain Physical Therapy, Inc. (the "Colorado Business") and of Baylife PT and Rehabilitation, Inc.; Baylife Physical Therapy & Rehabilitation QPR, LLC; and Baylife Physical Therapy & Rehabilitation BIA, LLC (together, the "Florida Business").

17. The Engagement Letter provides for the following compensation, which, consistent with Section 1 of the Engagement Letter, is to be approved pursuant to section 328(a) of the Bankruptcy Code: (i) a success fee (the "Success Fee") payable at closing of each Transaction (as defined in the Engagement Letter) that is consummated, or agreed to and later consummated, during TCFG's engagement or within fifteen months after it ends, calculated separately for the Colorado Business and the Florida Business on an incremental basis, as follows: for the Colorado Business, 5.0% of Transaction Value (as defined in the Engagement Letter) up to $1.0 million, 7.0% of Transaction Value above $1.0 million up to $1.5 million, and 10.0% of Transaction Value above $1.5 million; and for the Florida Business, 5.0% of Transaction Value up to $500,000, 7.0% of Transaction Value above $500,000 up to $1.0 million, and 10.0% of Transaction Value above $1.0

million; (ii) the Consulting Fee described below; and (iii) reimbursement of reasonable expenses incurred in performing the engagement.

18. Pursuant to the Engagement Letter, and subject to entry of an order approving TCFG's retention, the Debtors will pay TCFG a one-time consulting fee of $3,000.00 (the "Consulting Fee") for advisory services related to preparing the Debtors for a potential transaction. The Consulting Fee does not constitute a deposit, advance, or contingent payment toward the Success Fee, as a commercial accommodation it will be credited against any Success Fee that becomes payable, up to $3,000.00. As of the date of this Motion, TCFG has not received the Consulting Fee.

19. TCFG has been advised that all fees and costs are subject to bankruptcy court approval. According to the terms of the Engagement Letter, any invoices issued by TCFG will be due upon Court approval. TCFG has not received any payment from the Debtors on or after the Petition Date.

## BASIS FOR RELIEF

20. The Debtors respectfully request that this Court enter an order, pursuant to sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rules 2014(a), authorizing the Debtors to retain and employ TCFG as its financial advisor for these sale transactions.

21. Section 327(a) of the Bankruptcy Code authorizes the Court to approve the employment of professional persons that do not hold or represent an interest adverse to the estate and that are disinterested persons to assist in performing the duties of the Bankruptcy Code. See 11 U.S.C. § 327(a). A "disinterested person" is one who "does not have an interest materially adverse to the estate or any class of creditors…by reason of

any direct or indirect relationship to, connection with, or interest in, the Debtors, for any other reason.” 11 U.S.C. § 101(14)(C).

22. It is well established in the Third Circuit that an attorney with an actual conflict of interest must be disqualified. On the other hand, the approval of an attorney whose representation creates only a potential conflict of interest is within the Court’s discretion. In re Marvel Entm’t Group, 140 F.3d 463 (3d Cir. 1998); In re BH & P, Inc., 949 F.2d 1300 (3d Cir. 1991). In instances where the conflict is potential, the Court is afforded considerable discretion in approving or disqualifying the proposed retention of a professional based on upon the particular facts of the case at bar. In re BH & P, 949 F.2d at 1317.

23. TCFG makes the following disclosures regarding contacts and connections to the Debtors, its creditors, and parties-in-interest to the bankruptcy case:

a. Prime Therapy Holdings, Inc. wholly owns EXOS Health Holdings, LLC (“EXOS”), which provides management services to Boost Sports Performance, LLC (“Boost”) under a management services agreement. Prime Therapy Holdings, Inc. controls 100% of the membership interests of Boost under a Member Control Agreement dated January 11, 2022. Prior to the Petition Date, under the Prepetition Engagement Agreement (defined below), TCFG represented Prime Therapy Holdings, Inc. and Boost in connection with the sale of Boost’s assets to Babar Enterprises, LLC under an asset purchase agreement effective July 31, 2026, to which Prime Therapy Holdings, Inc. was a party as a seller. TCFG has not received any compensation for that transaction, although compensation was to be paid after closing. TCFG does not represent EXOS, Boost, or Babar Enterprises, LLC in any other matter.

b. TCFG holds a claim against Prime Therapy Holdings, Inc. that arose prior to the Petition Date under the parties’ prepetition engagement agreement dated September 29, 2025, which covered Prime Therapy Holdings, Inc. and all of its affiliates and subsidiaries (the “Prepetition Engagement Agreement”). That claim consists of the retainers payable under the Prepetition Engagement Agreement and the success fee earned on the Boost transaction described above, for which Prime Therapy Holdings, Inc. was a seller. None of those amounts has been paid, and TCFG did not receive any retainer or other payment under the Prepetition Engagement Agreement. The Debtors scheduled TCFG Wealth

Management LLC on Schedule E/F of Prime Therapy Holdings, Inc. as holding a nonpriority unsecured claim of $10,000.00 that is not contingent, unliquidated, or disputed. TCFG did not file a claim or supply that amount, and does not know how the scheduled amount was determined. Solely to facilitate its retention under sections 327 and 1195 of the Bankruptcy Code, and as set forth in Section 17 of the Engagement Letter, TCFG has irrevocably waived and reduced that prepetition claim such that its allowed prepetition claim does not exceed $9,999.00 in the aggregate. TCFG will file a proof of claim in an amount not exceeding $9,999.00 on or before the November 30, 2026 claims bar date, and the Debtors have agreed to amend Schedule E/F to reflect the reduced amount. Accordingly, TCFG holds a prepetition claim of less than $10,000 for purposes of section 1195 of the Bankruptcy Code.

c. NaviMed Capital and its affiliates ("NaviMed") own 100% of Prime Therapy Holdings, Inc., and NaviMed is the Debtors' debtor-in-possession lender. The Engagement Letter is addressed to the Debtors in care of NaviMed Investment Management, L.P., to the attention of a NaviMed representative. Other than this engagement and the Prepetition Engagement Agreement, under which TCFG was engaged to sell Prime Therapy Holdings, Inc. and advised on the Boost transaction described above, neither Belay nor TCFG Wealth has been engaged by NaviMed or any NaviMed portfolio company.

24. Neither Belay, TCFG Wealth, nor either of us has any connection with the Debtors' attorneys or accountants, the United States Trustee, any person employed in the Office of the United States Trustee, the Subchapter V Trustee, or the United States Bankruptcy Judge presiding over these cases, other than in connection with these cases. In the ordinary course of business, Belay has relationships with private equity sponsors, strategic acquirers, and lenders active in the healthcare services sector, some of whom may be potential purchasers in a Transaction. None of those relationships relates to the Debtors.

25. With the foregoing disclosures made, and subject to section 1195 of the Bankruptcy Code with respect to the prepetition claim described above, the Debtors avers that TCFG is a "disinterested person" and does not hold an interest adverse to the estate.

26. A Verified Statement has been executed by Rick Roberts, the Chief Executive Officer of TCFG Wealth Management, LLC, on behalf of TCFG, attesting to the averments above and is attached hereto and marked as **Exhibit "B".**

27. It is in the best interest of the Debtors' estate that TCFG be employed as a financial advisor for the estate.

28. The retention will allow a third-party professional to analyze any potential transactions of the Debtors.

29. Accordingly, the Debtors requests that the Court approve the retention of the proposed financial advisor for the sale transactions as of October 9, 2026, the date of the Engagement Agreement between the Debtors and TCFG.

**WHEREFORE,** the Debtors respectfully requests that this Honorable Court enter an Order authorizing the employment of The Belay Group, as registered representative of its broker dealer, TCFG Wealth Management, LLC, as Financial Advisor for Sale Transactions to the Debtors under the terms and conditions set forth in this Motion.

**Respectfully submitted,**

**DATE:** November 17, 2026

**CALAIARO VALENCIK**

**BY:** /s/ David Z. Valencik
**David Z. Valencik, Esq. PA I.D. No. 308361**

**555 Grant Street, Suite 300**
**Pittsburgh, PA 15219**
**Phone: (412) 232-0930**
**Fax: (412) 232-3858**
**Email: dvalencik@c-vlaw.com**